64 So.2d ‖

.ROUSSEL et al. v. DIGBY, Commissioner
of Conservation.

No. 40978.

Jan. 12, 1953.

Rehearing Denied March 23, 1953.

Miazza & Drury and Kalford K. Miaz-
za, New Orleans, for appellants.

Fred S. LeBlanc, Atty. Gen., and John
L. Madden, Asst. Atty. Gen., for defendant-
appellee.

PONDER, Justice.

The plaintiffs brought suit against the
defendant, Commissioner of Conservation,
seeking to have Orders 39 B and 39 B–1,
issued by the Commissioner of Conserva-
tion, declared invalid, illegal and unconsti-
tutional and to enjoin the enforcement of
the orders. The defendant interposed ex-
ceptions of no right or cause of action
and exception to the jurisdiction of the
court ratione materiæ, a plea of prema-
turity and a plea of estoppel. The excep-
tions of no right or cause of action, the
exception to the jurisdiction of the court,
and the plea of prematurity were sustained
by the trial court and the plaintiffs' suit
was dismissed. The plaintiffs have ap-
pealed.

We cannot entertain the plea of estoppel because it was not passed upon by the trial court and is, therefore, not properly before us for review. Fite v. Miller, 192 La. 229, 187 So. 650, 122 A.L.R. 446; State ex rel. Jones v. Edwards, 203 La. 1039, 14 So.2d 829.

The exceptions of no cause or right of action, the exception to the jurisdiction of the court, and the plea of prematurity are all predicated on the contention that plaintiffs have failed to exhaust their administrative remedy. Such being the case, the sole question presented in this case is whether or not the plaintiffs had exhausted their administrative remedy before they sought relief from the court in accordance with the requirements of Act 157 of 1940, LSA–R.S. 30, Sections 2–20.

It appears from the record that Order 39 B was issued by the Department of Conservation, after a hearing, setting forth a spacing pattern or compulsory drilling units containing 160 acres of land. On July 12, 1951, Louis J. Roussel filed a formal application for the reformation of one of the units, he being an interested party, and a hearing was held on September 5, 1951. The purpose of the application for the reformation of the unit was to exclude the Southeast Quarter of the Southeast Quarter of Section 11, known as the Zimmerman tract, upon which there had been drilled a dry hole. On October 10, 1951, the Department of Conservation, through the Commissioner, issued Order

No. 39 B–1. This order dissolved the westermost tier of "FX" and "FV" sands, adopted in order 39 B, and added productive portions of the "FX" and "FV" sands underlying the South Half of the Southeast Quarter of Section 11, Township 9 South, Range 7 West, making a total acreage of 190 acres instead of the 160 acre drilling unit as provided for in Order No. 39 B.

The plaintiffs allege in their petition that both of the orders are capricious, arbitrary, unjust and unconstitutional and that the allocation of production relates solely to surface acreage and not to the existence of hydrocarbons underlying and in existence beneath the lands. They allege that the effect of the proration, on the basis of surface acreage, deprives them of the right to produce and to receive their just and equitable share of the hydrocarbons from the "FX" sand underlying their property. They allege that they have exhausted all their administrative remedies and that they are entitled to judicial and injunctive relief in order to protect their rights and interest and to prevent the Department of Conservation or its agents and employees from carrying out the provisions and conditions of these orders.

They further allege that the orders are in contravention of the terms of Act 157 of 1940, LSA–R.S. 30:1 et seq.; that the orders deprive them of their property without due process of law, without just and adequate compensation in violation of the Fourteenth Amendment of the United States

Constitution, the Fifth Amendment of the United States Constitution, and Article 1, Section 2 of the Constitution of 1921, of the State of Louisiana.

From our appreciation of the record, Roussel was not granted the relief he sought by Order 39 B-1. This order did not exclude all of the land requested but increased the acreage of the unit to 190 acres instead of 160 acres.

The defendant contends that Roussel should have asked the Commissioner to reconsider the formation of the Roussel well in "FX" sand because the recompletion furnished first hand and direct information concerning the unit under consideration. We are not impressed with this contention because it would be very difficult to determine when an administrative remedy had been exhausted. In the present case the reformation of the unit did not comply with the application made by Roussel. It is true it partially complied with it, but other lands were placed in the unit. If Roussel was compelled to comply with the contention urged herein, the Commissioner could exclude certain lands and include others from time to time as application was made and the administrative remedy would never become exhausted. We do not believe that it was ever the intention of the lawmakers to place such an undue burden upon aggrieved parties. When Roussel was refused the relief he sought by the Commissioner of Conservation, his recourse

was to the courts, as provided for in the statute.

For the reasons assigned, the judgment of the district court is reversed and set aside. The exceptions of no right or cause of action, the exception to the jurisdiction of the court ratione materiæ, and the plea of prematurity are overruled. The case is remanded to the lower court to be tried on its merits; the legal costs of this appeal to be paid by the defendant; all other costs to await the final disposition of the suit.